**SOUTHWEST STATES, INC., a/k/a KROD TV and KROD Radio Station, Appellant,**

**v.**

**J. C. WOODARD, Ind. and d/b/a etc., Appellee.**

No. 5601.

Court of Civil Appeals of Texas. El Paso.

April 29, 1964.

Rehearing Denied May 27, 1964.

Scott, Hulse, Marshall & Feuille, Charles R. Jones, El Paso, for appellant.

Joe Morgan, W. Barton Boling, El Paso, for appellee.

CLAYTON, Justice.

Plaintiff (appellant here) ·brought suit against defendant J. C. Woodard, Individually, and doing business as Woodard and Lee Homes and d/b/a Woodard and Lee Builders, and d/b/a Meridian Homes and/or Trustee for Meridian Homes (appellees here), and against one James Svalberg, d/b/a Ad Vent Unlimited, an advertising agency, asking joint and several judgment against defendants on sworn account, actual or apparent agency between the defendants, and alternately on quantum meruit. The account arose from promotional advertising time and services rendered by plaintiff in connection with a home-building project in El Paso, Texas. Judgment was rendered upon a jury's answers to special issues. Defendant Woodard's motion for judgment was granted and plaintiff was awarded judgment against Svalberg, from which order and judgment plaintiff alone appealed.

The jury found: (1) that the radio and television advertising was placed with plaintiff by Svalberg "on account of" J. C. Woodard, doing business as Woodard and Lee Homes; (2) that in placing such advertising Svalberg was not acting as agent for Woodard, d/b/a Woodard and Lee Homes or as agent for J. C. Woodard as Trustee for Meridian Homes; nor (3) did Woodard lead the plaintiff to believe that Svalberg was his agent; but (4) that "at the time he (Svalberg) placed the radio and television advertising" Svalberg was an independent contractor.

In its first point of error plaintiff complains that the trial court committed error in overruling its motion for judgment and in granting the motion of the defendant for the reason that the evidence and the findings of the jury established plaintiff's right to recover against defendant Woodard d/b/a Woodard and Lee Homes on the alternate count of quantum meruit in as much as:

(A) The finding of the jury that Svalberg was an independent contractor did not

preclude plaintiff's right of recovery against Woodard d/b/a Woodard and Lee Homes in absence of a finding of full payment of the contract price to the independent contractor; and

(B) That such jury finding that Svalberg was an independent contractor "at the time the advertising was placed" with plaintiff was not an ultimate issue and thus was no defense to quantum meruit in absence of a finding that Svalberg was authorized to or actually did act as an independent contractor on behalf of defendant J. C. Woodard d/b/a Woodard and Lee Homes "in placing" the advertising with plaintiff.

■ Complaint is made by defendant that this point of error is in violation of briefing rules 418 and 374, Texas Rules of Civil Procedure, and therefore should not be considered on this appeal. It is asserted that this point does not indicate any assignment of error in plaintiff's motion for new trial to which it is germane; is not concisely or clearly stated, and is multifarious in its sub-points. Furthermore, although complaining of the overruling of plaintiff's motion for judgment, such motion nowhere appears in the transcript. We must agree that there is some merit in these criticisms of this point of error, but, as noted by defendant in his brief, it is the policy of many courts to indulge a liberal construction in favor of the sufficiency of a brief, and we here exercise our discretion in considering this point of error if we fully understand the substance of the complaints contained therein. Lofland v. Jackson, 237 S.W.2d 785 (Tex.Civ.App., Ref. N.R.E.).

■ Under the heading "Statement of Facts" in this first point of error plaintiff sets out Special Issue No. Six, in answer to which the jury found that "at the time" Svalberg placed the radio and television advertising with the plaintiff, Svalberg was an independent contractor. Plaintiff then points out that the jury found that such advertising was placed on account of J. C. Woodard, d/b/a Woodard and Lee Homes; that plaintiff rendered the advertising in

good faith, and with the expectation of being compensated by J. C. Woodard (which latter statement is subject to some conjecture); that the services were reasonably worth the sums asserted by plaintiff; that the defendant was introduced to a representative of plaintiff by Svalberg as "the man who pays the bills"; that defendant knowingly received the benefits of plaintiff's promotional advertising; and that the response of the jury to Special Issue No. Six only established that Svalberg was an independant contractor at the time he placed the advertising with plaintiff and nothing more. We were at some loss to determine just what was meant by the last quoted phrase of plaintiff's "Statement of Facts" under this point of error: "that the response of the jury to Special Issue No. Six only established that Svalberg was an independent contractor at the time he placed the advertising with plaintiff and nothing more," until we read plaintiff's Third Point of Error in connection with Point of Error No. 1B. This third point is also directed at Special Issue No. Six, and reads as follows:

"The trial court committed error by the submission of Question Number Six in the Court's charge and rendering its judgment thereon pursuant to the pleadings and evidence of record in this cause inasmuch as:

"A. Question Number Six as submitted to the jury is duplicitous for the reason that the jury could have believed from the evidence that James Svalberg was an independent contractor at the time the advertising was placed with the plaintiff, which was the actual inquiry, but also believed that he was not acting nor authorized to act as an independent contractor for J. C. Woodard, d/b/a Woodard and Lee Homes, pursuant to the jury's response to Question Number One of the Court's charge, in placing the promotional advertising with the plaintiff; and

"B. Question Number Six and the jury's finding thereon are not supported

by sufficient evidence of probative value in the record to support the judgment of the trial court."

The objection to the wording of this issue was preserved in plaintiff's objections to the charge and his Motion for New Trial, and in substance, among other matters, is that, although the jury might find in answer to Special Issue No. One that the advertising was placed with plaintiff by Svalberg "on account of" J. C. Woodard, doing business as Woodard and Lee Homes, an affirmative answer to Special Issue No. Six would not constitute a finding that Svalberg thus acted as an independent contractor *for* Woodard, doing business as Woodard and Lee Homes. However, the intention of the jury may be fairly inferred that, in its affirmative answer to this question the jury found that no matter "on account of" what person or entity the advertising was placed, Svalberg was acting as an independent contractor, and such a finding is supported in the evidence. On this basis, plaintiff's third point of error and so much of its first point of error as attacks Special Issue No. Six are overruled.

 Plaintiff then follows the foregoing "Statement of Facts" with its subdivision A to Point No. One in which it argues at some length that although the question of full payment of the independent contractor's compensation was an ultimate issue to the defendant's grounds of defense, such a special issue was not requested by the defendant nor submitted by the court, and the matter of full payment under the defendant's contract with Svalberg was a matter of some dispute in the testimony. Plaintiff then makes the statement that "While it is well settled that a laborer who labored for an independent contractor does not thereby create an express *contractual* obligation against the owner who has contracted to have the work done, the laborer is entitled to recover so much of the contract price as is still unpaid by the owner and within the hands of the owner in the instances where the independent contractor

fails and refuses to pay the laborer." In support of this statement plaintiff cites Lonergan v. San Antonio Loan & Trust Co., 101 Tex. 63, 104 S.W. 1061 (1907). This case holds:

"The proceeding prescribed by the statute by which a materialman is permitted to fix a lien for material furnished by him and used in the erection of an inprovement does not create a debt against the owner of the property, but operates as a writ of garnishment would, and appropriates so much of the money in the hands of the owner as is then due and payable, or may become due and payable, to the contractor to the extent necessary to satisfy that claim."

Plaintiff also cites Modern Plumbing Co. v. Armstrong Bros., 36 S.W.2d 1011, a Commission of Appeals adopted opinion. Both of the cited cases deal with procedure in fixing a lien, and are considered inapplicable here. Plaintiff admits that it has been unable to present any case in point with its above-stated position in the instant case, and also that there is no statutory lien to be established or enforced here. But plaintiff has pleaded quantum meruit and insists that recovery should have been granted against the defendant upon the basis of quantum meruit. In so far as plaintiff's Point No. 1 relates to the elements of quantum meruit, it is sustained. Quantum meruit is founded upon the rule that it is inequitable for a party to refuse to pay for the benefits he received or for work performed for him with his knowledge and consent by someone who is authorized to expect remuneration therefor. Parks v. Kelley, 147 S.W.2d 821 (Tex.Civ.App., n. w. h.). This rule seems to precisely fit the situation presented to us by this record. There appears to be little doubt that the TV and radio advertising services which are the basis of this suit were furnished by plaintiff (with a proper expectation of remuneration therefor) to the defendant individually and in one or more of several capacities alleged in plaintiff's petition, with defendant's full knowl-

edge and consent and with the benefits therefrom accruing to the defendant individually and in one or more of his several capacities; that there remains unpaid a balance due for such services; and that the defendant individually and in one or more of his various capacities now refuses to pay whatever remains of the reasonable value of such services. We feel that the evidence in this case fairly raises issues that should have been submitted to the jury on the stated elements of quantum meruit, and that the issues submitted by the trial court did not entirely cover this phase of the case. We have thus concluded that this case must be reversed and remanded for a new trial. Requested special issues were submitted by the plaintiff and refused by the trial court, and the matter properly preserved in plaintiff's motion for new trial. Objection to the trial court's refusal to submit the requested quantum meruit issues is raised in plaintiff's fifth point of error, but this point is not discussed in detail here for the reason that it is violative of Rule 418 T.R.C.P. and is multifarious in that it "attempts to attack several distinct and alleged errors and rulings of the trial court" (Lofland v. Jackson, supra), and for the further reason that evidence adduced upon a new trial of this cause may require elimination of some of the requested special issues and redrafting of others.

■ Plaintiff's fourth point asserts error in the refusal of the trial court to allow plaintiff to file its Requested Trial Amendment at the close of the evidence in the cause. This point is overruled because this is a matter addressed to the sound discretion of the court (Lone Star Steel Co. v. Owens, 302 S.W.2d 213, Tex.Civ.App., Ref., N.R.E.), and we find no abuse of such discretion.

■ Plaintiff's sixth point of error is directed to the omission from the court's charge of an issue inquiring whether Svalberg was acting as an agent for Woodard d/b/a Meridian Homes in placing the advertising with plaintiff. We find no evidence in the record that would indicate that Woodard was ever doing business, or ever claimed to be doing business, as Meridian Homes. This point is overruled under the present state of the record, but may be clarified upon a new trial.

■ This leaves us with only the second point of error yet to be discussed. Special Issue No. 1, as submitted by the court, reads as follows:

"Do you find from a preponderance of the evidence, that the defendant, James E. Svalberg, placed the radio and television advertising involved herein on account of:

"1(a) J. C. Woodard, doing business as Woodard and Lee Homes?

"1(b) J. C. Woodard, Trustee for Meridian Homes, a joint venture of three corporations, Edgemere Development Company, Woodard Construction Company, the First Gold Medal Homes?

"Answer: '1(a)' or '1(b)'

"We answer: 1A"

Plaintiff's second point assigns error in the manner of submission of this issue for the reason that it precluded the plaintiff from obtaining a finding from the jury that the advertising was placed for the account of both Woodard d/b/a Woodard and Lee Homes and Woodard as Trustee for Meridian Homes. We feel that this is a valid objection to the issue as framed, in as much as there was some testimony which would support a finding that Woodard acted in both capacities in his dealings with Svalberg. Should such be the evidence in the event of a new trial, the issue should be re-framed.

In attempting to correlate the various objections raised in plaintiff's points of error with the evidence and charge of the court, we have had to deal with the error points out of their consecutive order, but believe

that we have discussed all points and, as stated, have found error which requires us to reverse the judgment of the trial court and remand this cause for new trial.

Reversed and remanded.