Archie **MORALES**, Appellant,

v.

**DALWORTH OIL COMPANY, INC., Appellee.**

No. 2–85–048–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 6, 1985.

Ball, Landrith, Kulesz & Hubble, G. Craig Hubble, Arlington, for appellant.

Hill, Heard, Oneal, Gilstrap & Goetz, Michael Rossetti, Arlington, for appellee.

Before FENDER, C.J., HOPKINS, J., and W.A. HUGHES, Jr. (Retired) (sitting by assignment).

## OPINION

HUGHES, Justice.

This default judgment case is before us on petition for writ of error perfected in accordance with TEX.REV.CIV.STAT. ANN. art. 2249 (Vernon Supp.1985) and TEX.R.CIV.P. 360 and 363. Appellant raises three points of error.

We reverse and render.

Appellee, a seller of gasoline and gasoline tanks, sued six named defendants, including appellant, for recovery of an unpaid debt arising from appellee's installation of certain gasoline dispensing equipment. All defendants except appellant were sued for breach of express contract and alternatively for either breach of implied contract or quantum meruit. Appellee's petition alleged that all of the defendants other than appellant had entered into a written contract for the installation of said equipment onto land leased by these defendants from appellant. This alleged written contract which was attached to and made a part of appellee's petition is actually a written proposal whereby certain gasoline dispensing equipment would be installed by appellee at a total price of $13,-898.31. It is stated in this document that H & H Grocery accepted this proposal. The proposal was signed by Helen B. Macey.

In their counterclaim defendants Helen Macey, d/b/a H & H Country Store, James Macey, and Permian Handling Corp. admitted the existence of a written contract for the installation of certain gasoline dispensing equipment between themselves and appellee but asserted that appellee had made certain false, misleading and deceptive misrepresentations in violation of the Texas Deceptive Trade Practices Act. *See* TEX. BUS. AND COM.CODE ANN. secs. 17.41–17.63 (Vernon Supp.1985). Although it is stated in their counterclaim that the written contract was attached thereto as Exhib-

it A, no such exhibit is attached to these pleadings in the record before us.

At trial, a contract between H & H Grocery and appellee for the installation of gasoline dispensing equipment was introduced into evidence as plaintiff's Exhibit 1. However, this exhibit is not included in the statement of facts before us. At this time we would also point out that the fact that a written contract existed was never disputed at trial.

Appellant is the landlord and owner of the property where the gasoline dispensing equipment was installed. The only allegation in appellee's petition which referred to appellant was as follows:

> Plaintiff would further show that Defendant ARCHIE MORALES actively participated in the transaction set forth above and benefited therefrom. Plaintiff would show that Defendant ARCHIE MORALES thereby entered into an implied contract with Plaintiff and therefore has become obligated to pay to Plaintiff the consideration agreed to by said implied contract. Plaintiff would further show that said Defendant has failed and refused to pay said consideration in the sum of $13,898.31 and has therefore breached said implied contract with Plaintiff.

Although he was served with citation, appellant failed to answer or appear.

Thereafter, the trial court rendered a single judgment against all the defendants, expressly finding appellant to be in default. Damages were assessed against all defendants, including appellant, both jointly and severally for $13,898.31 plus costs and attorneys' fees. No findings of fact or conclusions of law were requested or filed. Appellant filed a writ of error pursuant to TEX.R.CIV.P. 360 and 363; however, none of the other defendants have taken any further action.

"The four elements necessary for a review by writ of error are: (1) the petition must be brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record." *Stubbs v. Stubbs*, 685 S.W.2d 643, 644 (Tex.1985) (quoting *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex. 1982)). It is undisputed that appellant timely petitioned for writ of error review and that he was a party to the suit. Further, there is no question that appellant did not participate in the trial. Thus the issue presented for review is whether error appears on the face of the record. *See Stylemark Const., Inc. v. Spies*, 612 S.W.2d 654, 656 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

On review by writ of error an appellate court is not limited to a review of the transcripts. *Behar v. Patrick*, 680 S.W.2d 36, 38 (Tex.App.—Amarillo 1984, no writ). It may test the validity of a judgment by reference to all of the papers on file in the case including the statement of facts. *Id.; see also Roe v. Doe*, 607 S.W.2d 602, 603 (Tex.Civ.App.—Eastland 1980, no writ).

In his first point of error appellant contends the trial court erred in granting a default judgment against him because there was no implied contract between appellant and appellee. We agree.

An implied contract arises from the acts and conduct of the parties, it being implied from facts and circumstances that there was a mutual intention to contract. *Haws & Garrett G. Con., Inc. v. Gorbett Bros. Weld. Co.*, 480 S.W.2d 607, 609 (Tex. 1972). However, there can be no implied contract where the subject matter is covered by a valid express contract. *See Woodard v. Southwest States, Inc.*, 384 S.W.2d 674, 675 (Tex.1964).

The suit in *Woodard* was based on a contract for radio and television advertising services claimed to have been made between Southwest States and James Svalberg as agent for J.C. Woodard, a home builder, and alternately against Woodard on a quantum meruit theory. *Id.* The jury found that Svalberg entered into the contract with Southwest States as an independent contractor. *Id.* It further found Woodard did not lead Southwest States to

believe that Svalberg was his agent. *Id.* The trial court subsequently entered judgment for Southwest States against Svalberg but denied it any recovery against Woodard. *Id.*

The El Paso Court of Civil Appeals held the trial court erred in failing to submit the elements of quantum meruit to the jury as the evidence showed Southwest States furnished the advertising with Woodard's knowledge and consent and Woodard received the benefits from said advertising. *Southwest States, Inc. v. Woodard*, 379 S.W.2d 120, 123–24 (Tex.Civ.App.—El Paso), *rev'd*, 384 S.W.2d 674 (Tex.1964). Accordingly, the cause was reversed and remanded for another trial. *Id.* at 124.

In reversing the Court of Civil Appeals, the Texas Supreme Court found that since a valid express contract covering the subject matter existed, recovery could only be accomplished through the provisions of the express contract. *Woodard*, 384 S.W.2d at 675. The Court then went on to state that the existence of the express contract precluded any recovery on the theory of implied contract or quantum meruit and no issues on either need be submitted. *Id.* Thus, Southwest States could only look to Svalberg for payment. *Id.*

In the present case, it is undisputed that a written contract existed between appellee and H & H Grocery. Thus, following the holding in *Woodard* appellee could only look to those defendants bound by this express contract for payment. *See id.* There could be no implied contract between appellant and appellee as the subject matter of the alleged implied contract was covered by a valid express contract between appellee and the other defendants. *See id.* The fact that appellant failed to file an answer, which action resulted in a default judgment being entered against him, could not create liability where none existed as a matter of law.

Appellee argues that *Woodard* is inapplicable since in *Woodard* the existence of an express contract was undisputed and in our case there is nothing in the record to show whether or not judgment against the other defendants was rendered upon an express contract. Appellee further contends that since there were no findings of fact or conclusions of law requested or filed appellant's assumption that the judgment against the other defendants was entered on an express contract theory is erroneous. Appellee urges that based on the evidence presented the trial court could have determined the other defendants were liable on the basis of implied contract or quantum meruit and it would be this court's duty to uphold the judgment on either of these bases since no findings of fact or conclusions of law were requested or filed. *See In the Interest of W.E.R.*, 669 S.W.2d 716, 717 (Tex.1984). We would point out however that since a writ of error is a direct attack upon a default judgment an appellate court will not indulge any presumption in support of a judgment's validity. *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex.1965).

Moreover, we find appellant's contention to be without merit inasmuch as both appellees and defendants Helen Macey, d/b/a H & H Country Store, James Macey and Permian Handling Corp. admitted the existence of a written contract in their counterclaim. In their counterclaim these defendants state:

On or about August 20, 1981, Cross-Plaintiffs [defendants, Helen Macey, d/b/a H & H Country Store, James Macey and the Permian Handling Corp.] and Cross-Defendant [appellee, Dalworth Oil Co.] entered into a written contract wherein Cross-Defendant agreed to perform certain services for Cross-Plaintiffs, including the supplying and installation of gasoline tanks and pumps which were to be used by Cross-Plaintiffs in the retail sale of gas at their store. In the written agreement attached hereto and incorporated herein for all purposes as Exhibit "A", Cross-Defendant agreed to pay to Cross-Plaintiffs the sum of $13,-898.31 for said services.

In addition, a contract between H & H Grocery and appellee covering the same

subject matter at the same price as the alleged contract attached to appellee's petition was introduced into evidence. As we have previously pointed out neither the counterclaim's Exhibit A nor a copy of the contract admitted into evidence is before us, however, from the descriptions of these documents we can only conclude they are the same document as the contract attached to appellee's petition.

Thus, we find from a review of the papers on file before us that the evidence presented clearly supported a recovery on an express contract basis, and we hold that, as a matter of law, appellant was precluded from recovering from appellee on an implied contract theory. Finding legal error apparent on the face of the record, we accordingly sustain appellant's first point of error.

In view of our action with respect to appellant's first point of error it is unnecessary for us to consider appellant's second and third points of error. We therefore make no determination of the questions raised by these points.

The default judgment is set aside and judgment rendered that appellee take nothing by its suit against appellant.