Jamie RISNER, Appellant,

v.

McDONALD'S CORPORATION, McDonald's Restaurants of Texas, Inc., Danrose Management Co., Danrose Corporation and Tina Dunham, Appellees.

No. 09–98–311 CV.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 18, 1999.

Decided June 8, 2000.

---

Thomas W. Long, Law Offices of Michael R. Ross, Houston, Amanda K. Miller, Law Offices of Connie L. Hawkins, Houston, for appellee.

Before BURGESS, STOVER and HILL[1], JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Jamie Risner appeals from a summary judgment that she take nothing in her personal injury suit against McDonald's Corporation, McDonald's Restaurants of Texas, Inc., Danrose Management Co., Danrose Corporation, and Tina Dunham. She initially presents three points of error in which she contends that the trial court erred in granting the appellees' motions for summary judgment. Following oral argument, the court granted Risner leave to file a supplemental brief with additional points of error. In those two additional points of error, Risner urges that the trial court abused its discretion by failing to grant her motion for continuance and by overruling her motion for new trial.

We affirm because the trial court did not err in granting the appellees' motions for summary judgment, nor did it abuse its discretion by failing to grant Risner's motion for continuance nor by overruling her motion for new trial.

Risner contends in point of error one that the trial court erred in granting summary judgment because there is a genuine issue of material fact regarding whether defendants could be considered owners or occupiers of the restaurant where she was injured. In her first amended petition, Risner contends that she was injured when an employee of a McDonald's restaurant sprayed what she believed to be pepper

---

Mark L. Mitchell, Houston, for appellant.

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN. § 74.003(b) (Vernon 1998).

mace inside the restaurant where she was attending a birthday party.

The appellees McDonald's Corporation, McDonald's Restaurants of Texas, Inc., and Danrose Management Company filed a motion for summary judgment on the basis that none of them was the owner or occupier of the premises at the time of Risner's injury. They supported their motion with affidavits from Peter L. Shaefer and Daniel F. Casey. Shaefer is a corporate attorney for McDonald's Corporation and McDonald's Restaurants of Texas, Inc. He indicated in his affidavit that neither of these two corporations owned the restaurant; operated the restaurant; participated in its management; had the right to hire, discharge, or discipline employees of the restaurant; paid for the utilities at the restaurant; sold any product at the restaurant or sold any product to the restaurant; or had the right to control the day-to-day activities necessary to carrying on the business of the restaurant. Daniel F. Casey, president of Danrose Corporation and the Danrose Management Company, swore that the Danrose Corporation was the assignee of the franchise for the restaurant in question, but that Danrose Management Company had never owned any interest in the restaurant.

In Risner's response to the motion for summary judgment, she indicates that there is a genuine issue of material fact as to who owned the McDonald's at the time of her injury. As evidence of the appellees' ownership, she relies upon the franchise agreements, answers to an interrogatory, a franchise letter agreement, and a bill of sale and assignment.

■ In reviewing a motion for summary judgment, other than a no-evidence motion, we must consider the following standards: (1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a disputed fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *See Nixon v. Mr. Property Management, Inc.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ A premises owner may be liable for two types of negligence in failing to keep its premises safe: (1) that arising from a premises defect; and (2) that arising from an activity on the premises. *See Koch Refining Co. v. Chapa,* 11 S.W.3d 153, 156 (Tex.1999). Despite this general statement concerning the liability of a premises owner, the liability of a franchisor in situations regarding negligence on the premises of a franchised restaurant appears to be limited to those franchisors that maintain control of the activity concerning which negligence is charged. *See Smith v. Foodmaker,* 928 S.W.2d 683, 686 (Tex.App.—Fort Worth 1996, no writ). In this case the summary judgment evidence reflects that neither McDonald's Corporation, McDonald's Restaurants of Texas, Inc., nor Danrose Management Company retained control over the activity concerning which Risner has asserted negligence. Consequently, the trial court did not err in granting their motion for summary judgment.

Risner argues that there is a material fact issue concerning liability because McDonald's Corporation and McDonald's Restaurant of Texas, Inc. are both additional insureds on their franchisee's insurance policy and because McDonald's Corporation reserves the right to terminate its franchisee's right to use the McDonald's restaurant, system, and name at the McDonald's where the injury occurred. Risner also points out that McDonald's Corporation must approve any assignee or subassignee to whom Danrose Corporation

might wish to transfer its rights in the McDonald's where the injury occurred. Finally, Risner argues that there is a material fact issue concerning the liability of McDonald's Corporation and McDonald's Restaurants of Texas, Inc. because McDonald's Restaurants of Texas, Inc., retained ownership of certain property in connection with the restaurant where she was injured, including all real estate, leasehold improvements, utility deposits, accounts and notes receivable, vehicles, office supplies, certificates of deposit and other investment securities, prepaid expense, the in-store processor, the Texas Instruments terminals, and the time recorders. Appellant presents no authority that, assuming all of these assertions are true, they create a material fact issue as to the type of ownership with the right of control that is required for there to be liability of a franchisor for such an event occurring on the franchised premises. We hold that they do not. We overrule point of error one.

■ Risner asserts in points of error two and three that the trial court erred in rendering the summary judgment. These points of error appear to relate to the no-evidence motion for summary judgment filed by appellees Danrose Corporation and Tina Dunham. The motion was based on these appellees' contentions that there is no evidence that an employee of Danrose sprayed the toxic substance in the restaurant or that Danrose knew or should have known of an unreasonably dangerous condition. The motion also urged that there was no evidence to support any allegation against Dunham.

Rule 166a(i) of the Texas Rules of Civil Procedure provides that:

> After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an

adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

■ When such a motion is presented, the movant does not bear the burden of establishing each element of its own claim or defense. *See Grant v. Southwestern Elec. Power Co.*, 20 S.W.3d 764 – 768 (Tex. App.—Texarkana 2000, no pet. h.). Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *Id.*, p. 768 – 769. Because a no-evidence summary judgment is essentially a pre-trial directed verdict, we apply the same standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Id.*

■ We must determine whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented. *Id.* A no-evidence motion for summary judgment is improperly granted if the nonmovant presents more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*

Risner refers us to interrogatory answers that show the following: (1) Luis Guevara may have inadvertently discharged a container of mace for [sic] pepper spray; (2) It is believed that Mr. Guevara and Tina Dunham were at the far end of the dining room near the drive-through when they heard, saw, or learned about the alleged occurrence; (3) At some time

before the incident Guevara worked for Danrose Corporation; (4) After a customer accidentally discharged mace of [sic] pepper spray in the restaurant, the employees opened up all the doors, attempted to air out the restaurant and advised the customers; (5) Defendant's employees attempted to air out the restaurant.

There is, then, summary judgment evidence that a customer accidentally discharged mace or pepper spray in the restaurant; that appellee Dunham and an ex-employee were in the restaurant near the drive-through when they learned of the incident; that the ex-employee may have discharged the pepper spray; and that after the substance was sprayed, the employees opened up all the doors, attempted to air out the restaurant, and advised the customers. We agree with the appellees that there is no evidence that an employee of Danrose Corporation sprayed the toxic substance in the restaurant or that Danrose Corporation knew or should have known of an unreasonably dangerous condition.

■ Risner had pleaded that Tina Dunham was negligent in the following respects: (1) in failing to provide her with a clean and safe environment in which to dine; (2) in failing to warn the customers and/or invitees of the toxic, chemical fumes after having knowledge that the toxic spray was sprayed inside the restaurant; (3) in failing to provide proper maintenance of the restaurant and its air; (4) in failing to exercise proper and reasonable control, as a manager, over the employees and over the restaurant; (5) in failing to properly employ, supervise, and train their employees; and (6) in allowing the hazardous and toxic conditions to exist at the time, and to continue to exist for longer than reasonably necessary. We agree with the appellees that the evidence that we have related does not raise a fact issue as to any of these allegations of negligence.

Risner argues that the evidence raises an issue as to who discharged the spray and as to whether Guevara was employed by one of the appellees at the time of the spraying incident. The evidence showed that it was sprayed by a customer, possibly Guevara. The evidence shows that Guevara was employed at the restaurant at sometime prior to the incident. We consider this as no more than a scintilla of evidence that Guevara was the one who sprayed the mace or pepper spray and no evidence that he was employed at the restaurant at the time of the incident in question.

Risner contends that the evidence raises a fact issue, due to what she refers to as inconsistent answers by Danrose Corporation to interrogatories, as to what the employees of the restaurant did after the substance was sprayed. Considering Danrose Corporation's answers to the interrogatories, we do not find that there is a fact issue concerning what the employees did after the accident. We believe that the only reasonable construction of Danrose Corporation's answers is that the employees opened up all the doors, attempted to air out the restaurant, and advised the customers. We see no evidence that they failed to warn the customers that the substance had been sprayed.

■ Risner states in her brief that there are several eye witnesses who would testify that the employees did not warn customers or air out the restaurant. An examination of Risner's response to Danrose Corporation and Tina Dunham's motion for summary judgment indicates no reference to such evidence before the trial court at the time of the summary judgment hearing. The fact that Risner attached such affidavits to her motion for new trial, filed after the trial court's ruling on the motions for summary judgment, is of no consequence. We overrule points of error two and three.

After submission, this Court granted Risner leave to file a post-submission brief in which she presents two additional points of error. In point of error four she urges that the trial court abused its discretion in denying her motion for continuance, and in point of error five she asserts that the trial court abused its discretion in denying her motion for new trial.

We first consider Risner's claim that the trial court abused its discretion in denying her motion for continuance. Risner has not referred us to any portion of the record indicating that she presented her motion for continuance to the trial court and obtained a ruling denying her motion. A court is not required to consider a motion that is not called to its attention. *See Greenstein, Logan & Co. v. Burgess Marketing*, 744 S.W.2d 170, 179 (Tex. App.—Waco 1987, writ denied). If her motion was presented to the trial court, our record does not contain a statement of facts of any hearing on the motion. There is no indication that Risner requested but was denied a hearing on her motion for continuance. Risner's request for continuance was included in her response to the motion for summary judgment. Neither the request for continuance nor the attached affidavit contains an assertion that she has exercised due diligence in obtaining any needed discovery nor any assertion indicating the reason for her failure to obtain such discovery in a timely fashion. Such an assertion is required by Rule 252, Texas Rules of Civil Procedure.

This case was initially filed on December 26, 1996. Both motions for summary judgment were filed on March 13, 1998. The court heard the motions and granted them on May 6, 1998, nearly eighteen months after suit was filed. The record reflects that during that eighteen months, plaintiff had propounded interrogatories, requests for admissions, and request for production to one or more of the appellees. Risner attached affidavits to her motion for new trial that arguably would have been sufficient at least to defeat the no-evidence motion for summary judgment. She does not refer us to any portion of the record in which any evidence was presented to the trial court as to why such affidavits could not have been obtained earlier and timely presented. We hold that the trial court did not abuse its discretion in failing to grant Risner's motion for continuance. We overrule point of error four.

Risner contends in point of error five that the trial court abused its discretion in denying her motion for new trial. Her contention is based in part on the discovery that we have already discussed as well as the six eye-witness affidavits that she attached to her motion for new trial. Generally speaking, a party may not present any additional evidence upon a motion for new trial, where that evidence is not newly discovered. *See Hillert v. Melton*, 64 S.W.2d 991, 992 (Tex. App.—San Antonio 1933, writ refused). There is nothing in the record indicating that the affidavits constituted newly discovered evidence nor, as previously noted, anything that would indicate to the trial court why these affidavits could not have been obtained earlier and presented to the trial court for its consideration in connection with the motions for summary judgment. We hold that the trial court did not abuse its discretion in denying Risner's motion for new trial. We overrule point of error five.

The judgment is AFFIRMED.