Charles EVANS, et al., Appellants,

v.

DYNASTY TRANSPORTATION, INC., et al., Appellees.

No. 13–00–615–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

May 22, 2003.

David W. Holman, Robert Alan York, Holman Law Firm, Michael T. Gallagher, Scott H. McLemore, Gallagher, Lewis, Downey & Kim, Houston, for Appellants.

Dale P. Martin, Lippman, Mahfouz & Martin, Morgan City, LA, John J. Edmonds, Phillip D. Sharp, Warren W. Harris, Bracewell & Patterson, Houston, for Appellees.

Before Justices HINOJOSA, CASTILLO, and AMIDEI.[1]

## OPINION

Opinion by Justice MAURICE AMIDEI (Assigned).

Appellants, Charles Evans (Evans), Clay Dominy (Dominy), Chester Edwards (Edwards) and Al Weaver (Weaver), the named plaintiffs and representatives of the class of plaintiffs [2] residing in Texas on May 20, 1999, who seek to void truck leases as illegal because they violate federal and state statutes relating to the withholding taxes, fraud, conversion, money

---

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. A class certification was granted by the trial court in this case on May 20, 1999, as follows: All persons residing within Texas who are presently or have been engaged as owners/operators of a truck or trucks, between August 28, 1993 and the present date, for Defendants Dynasty Transportation, Inc., Ace Transportation, Inc., or Total Transportation Services, Inc. ("Defendants"), who received compensation of any kind or character from Defendants for services performed as an owner-operator, pursuant to a lease or other contractual agreement, and for which such payments reflect deductions for state or federal taxes, or deductions for "less taxes".

had and received, unjust enrichment, and breach of contract, appeal from a summary judgment granted on traditional and no-evidence motions for summary judgment in favor of appellees, Dynasty Transportation, Inc. (Dynasty), Ace Transportation, Inc. (Ace), David McWhorter Total Transportation Services, Inc. (McWhorter), James H. Glasgow (Glasgow) and Bill Busbice, Jr. (Busbice), the defendants in the trial court. Appellants do not challenge the summary judgment in favor of McWhorter. Appellees' counterclaim was non-suited. We affirm.

## Standard of Review

The standard for reviewing a summary judgment under the Texas Rule of Civil Procedure 166a(c) is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. HCH,* 988 S.W.2d 746, 748 (Tex.1999).

In considering a "no evidence" summary judgment under Texas Rule of Civil Procedure 166a(i), we review the proof in the light most favorable to the non-movants and disregard all contrary proof and inferences. *Blan v. Ali,* 7 S.W.3d 741, 747 (Tex.App.-Houston [14th Dist.] 1999, no pet.). We sustain a "no evidence" summary judgment if: (a) there is a complete absence of proof of a vital fact; (b) the court is barred by rules of law or evidence from giving weight to the only proof offered to prove a vital fact; (c) the proof offered to prove a vital fact is no more than a mere scintilla; or (d) the proof conclusively establishes the opposite of the vital fact. *Id.* Although the non-moving party is not required to marshal its proof, it must present evidence that raises a genuine fact issue on the challenged elements. *Risner v. McDonald's Corp.,* 18 S.W.3d 903, 907 (Tex.App.-Beaumont 2000, pet. denied). Because a no-evidence summary judgment is essentially a pre-trial directed verdict, we apply the same standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Id.*

## Factual Background

The appellants as lessors leased their trucks to appellees and lessees Dynasty and Ace, and elected to operate the trucks as truck driver employees of the lessees. Under the leases: (1) as truck driver employees the appellants agreed to receive 20–25% of the earned revenue derived from the leased trucks, minus the employee's portion of applicable taxes; and (2) as lease rentals, the appellants, as lessors of the trucks, agreed to receive 70% of the earned revenue from the leased trucks, less driver's wages, a percentage of gross driver's wages for payroll taxes, unemployment compensation, fuel taxes, ad valorem taxes, intangible property taxes, state and governmental agency taxes, utility taxes, other taxes and administrative charges for the purpose of processing forms in connection therewith, said percentage to be set and established by lessee, but usually the percentage was set at 23%. In Dominy's lease the percentage for such deductions was agreed to be 23%.

## Issues Presented

■ Appellants' issue number one states there was evidence presented that defendants deducted, from plaintiffs' wages, employment taxes that were defendants' responsibility as employers, and that the "less taxes" deduction was not for payment of taxes, but was merely part of the compensation formula for truck leases, and then asks whether summary judgment was improper given this was a genuine issue of material fact regarding the very basis of plaintiffs' claim.

Appellants' issue number two states there was evidence of the "less taxes" deductions, as described in issue number one, in excess of the amount of defendants' actual tax liability and asks the question: Does an agreement whereby an employer forces an employee to pay his own employment taxes violate state and federal statutes, as well as public policy?

These issues do not point out any dispute that the truck leases contained the "less taxes" provisions, that the questioned deductions were made, and the appellees admitted their responsibility to withhold and pay the employment taxes. Instead, appellants are claiming the truck leases were illegal because of the "less taxes" provisions and appellees making the deductions thereunder.

Appellants' argue that appellees are responsible for withholding and remitting, FICA, FUTA and SUTA taxes, and therefore the deductions appellees made from appellant's rental checks to defray its costs for those taxes is unlawful. Appellees claim they are entitled to treat appellants as owner-lessors for some purposes while treating them as employees for others. The appellants as lessors of the trucks are paid for the use of their trucks on a different basis than when they are paid as employee truck drivers. Appellees withheld and remitted appellants' FICA, FUTA and SUTA taxes which they were required to do by statute and by agreement. 26 U.S.C. § 3111; 26 U.S.C. § 3301; TEX. LAB.CODE ANN. §§ 204.002, 204.003 (Vernon 1996). These statutes prevent appellees from deducting *their* portion of these taxes from the individual's (appellants') wages. However, the statutes do not prohibit employers from charging back and deducting from independent contractors, suppliers, lessors, or other non-employee personnel,

funds to defray the employer's taxes as well as other costs. *Hathcock v. Acme Truck Lines, Inc.,* 262 F.3d 522, 525–26 (5th Cir.2001). The lease provision in *Hathcock* is in effect the same as in the instant case and provides that the lessee agrees to pay lessor 70% of the earned revenue derived from the truck *less driver's wages; payroll taxes (including FICA and other deductions); cost of medical or hospitalization insurance, if applicable; and such other costs or payments made by lessee by reason of driver employment and less any operating costs and expenses* incurred by lessee in connection with the operation of the truck for which the lessor shall be responsible. *Id.* The question was answered in *Hathcock* by explaining that the owner-driver as lessor creates a dual capacity which enables the lessee to treat the lessor as an owner-lessor for some purposes while treating him as an employee for others. *Id.* The lessor in *Hathcock* took the same position as the appellants in this case,[3] and failed to recognize (or deliberately blurred) the distinction between Hathcock, the owner-lessor, and Hathcock, the driver. Appellants agree that if the lease compensation provision only included reimbursement for costs and not taxes it would be unobjectionable and would allow appellees to deduct the costs. The purpose of the compensation formula is to determine the division between the lessor and lessee of the income from the use of the trucks. The parties could have agreed to any other percentages. The appellants bargained for and received a 70% percent share subject to specified deductions for costs and taxes generally estimated at 23%. The actual amount of costs were slightly higher by several percentage points. The amount attributable to taxes was not the actual amount of taxes paid for

---

**3.** Appellants not only fail to recognize the "dual capacity" concept in *Hathcock* but claim appellees "superficially segregate" the

two functions which are "inextricably intertwined", and that the dual capacity argument is illusory and a fictitious separation.

the truck drivers. Appellants claim they as employees were *forced* to pay their own employment taxes, but they did not allege or prove force as an element to their causes of action. It was a matter of contracting for the best division of the earned income they could bargain in arms length negotiations.

■ Appellants further argue that section 207.071 of the Texas Labor Code invalidates any agreement by an employer to pay all or a portion of a contribution or reimbursement required to be paid by the employer and since the individual lessor is the same person as the individual truck driver the illusory distinction between "wages" and "rent" and between "lessor" and "employee" defeats the purpose of the statute and rewards the appellees for concocting an imaginative scheme to make legal that which is clearly illegal. *See* TEX. LAB.CODE ANN. § 207.071 (Vernon 1996). We disagree. Appellant argues there is no precedent which would prevent this Court from reversing the trial court's summary judgment but do not explain why *Hathcock* cannot be used as precedent in this case to affirm the trial court's summary judgment. Appellants state that while *Hathcock* appears on the surface to apply to the facts of this case it may be distinguished from the instant case in several respects. First, they argue the Fifth Circuit addressed only the general case law regarding the ability to treat individuals as employees for certain purposes and as lessors for other purposes, but do contend it is wrong or explain why it would not be applicable to this case. The law addressed by the court in *Hathcock* is equally applicable in this case. Secondly, they contend the Fifth Circuit was addressing an irrelevant issue to determine whether Hathcock was an employee or an independent contractor. It is true the court addressed the independent contractor/employee issue in *Hathcock* but concluded Hathcock was an employee when he drove the truck regardless of his contemporaneous ownership of the truck and his independent contractor role as its lessor. In the instant case it is undisputed the truck drivers were employees of appellees. *Id.* at 524. No explanation is made as to why this distinguishing factor is material. Third, the Fifth Circuit did not specifically address section 207.071 of the Texas Labor Code, which they claim is the most crucial section of the law because there is no explanation of how an agreement by an individual, as appellants are, to reimburse his employer, as appellees are, for employment taxes paid can be valid in face of this specific provision. The court did not address all of the Texas and Louisiana statutes which require employers to withhold and remit unemployment tax but referred to them as SUTA, the Texas and Louisiana counterparts to Federal Unemployment Tax Act (FUTA) taxes. The result of the case would have been the same had section 207.071 been specifically cited and discussed because the court's reasoning answers appellants' question. Section 207.071 only applies to employers' agreements with employees regarding contributions or reimbursements required to be paid by the employer, and under the reasoning of *Hathcock* the withholding statutes do not forbid appellees' practice of charging the employee costs back to its lessors. *Id.* at 527. The deductions for the 23% to recoup its employee related costs are made by appellees from the rental check (payment) to the lessor; appellees do not deduct these contributions from the paychecks to the employee drivers. *Id.* The statutes only bar deduction of the *employer's* portion of the taxes from the "wages" of an individual in the employer's employ. *Id.* Employers are not prohibited from charging back and deducting from independent contractors, suppliers, lessors, or other non-employee personnel, funds to defray the employer's costs in connection with those taxes. *Id.*

Of course, if you accept the appellants' premise that there is no dual capacity of owner-lessor and employee-driver, then their argument would make sense, but if you accept the reasoning of the *Hathcock* case, as we do, the appellants' attempts to distinguish *Hathcock* cannot succeed because of the conflict over this basic premise. The other authorities cited by appellants do not conflict with the *Hathcock* case, or are not in point. We do not agree with the proposed distinctions.

█ Further, *Andrews v. CNA Reinsurance Co.*, 166 F.Supp.2d 516, 523 (N.D.Tex.2001), cited by appellees held that the party urging the proposition cited no authority suggesting there is a private cause of action under the SUTA, FUTA and FICA statutes. The appellants have not cited any authority in this case suggesting such a private cause of action. Even if appellants cited authority that the contracts are illegal and void as they claim, we could not grant the relief they seek. The universal rule, which has been consistently followed in Texas, is that the court will not aid either party to an illegal agreement, whether executory or executed, but will leave the parties were it finds them. *Patrizi v. McAninch*, 153 Tex. 389, 269 S.W.2d 343 (1954); *Cox Feedlots, Inc. v. Hope*, 498 S.W.2d 436, 438 (Tex.Civ.App.-San Antonio 1973, writ ref'd n.r.e.). The courts will not enforce illegal agreements, and all parties to an illegal agreement are barred from any recovery based on that agreement. *Cooper v. Fortney*, 703 S.W.2d 217, 222 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.).

Appellants claim in their sub-issues I.B.1., I.B.2., I.B.3., I.B.4., and I.B.5. that they produced sufficient or more than a scintilla of evidence to defeat appellees' motion for summary judgment allegations that there was no-evidence to support the appellants' alleged causes of action for fraud, conversion, money had and received, unjust enrichment and breach of contract, respectively.

█ Regarding the fraud cause of action referred to in sub-issue I.B.1., even if appellants' allegations that the appellees' representations that the deductions in question were legal and typical in the trucking industry were not true, they would not support an action for fraud. As a general rule, a misrepresentation as to a matter of law is to be regarded as merely an expression of opinion and will not support an action for fraud and deceit. *Safety Casualty Co. v. McGee*, 133 Tex. 233, 236, 127 S.W.2d 176, 177 (1939); *Pelton v. Witcher*, 319 S.W.2d 400 (Tex.Civ.App.-Fort Worth 1958, writ ref'd n.r.e.). Also, in any event, appellees' representations in such regard were not misrepresentations. Sub-issue number I.B.1 is overruled.

In order for appellants to recover on any of the remaining causes of actions referred to in sub-issue I.B.2. through I.B.5., the truck leases and compensation formula must first be proven illegal. As we have discussed above, the appellants have failed to establish the illegality of the truck leases and formula. Sub-issues I.B.2., I.B.3., I.B.4., and I.B.5. are overruled.

The judgment of the trial court is affirmed.