NUMBER 13-00-615-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





CHARLES EVANS, ET AL., Appellants,

 

v.




DYNASTY TRANSPORTATION, INC., ET AL., Appellees.






On appeal from the 281st District Court

of Harris County, Texas.


 

O P I N I O N


Before Justices Hinojosa, Castillo, and Amidei (1)

Opinion by Justice Amidei



 Appellants, Charles Evans (Evans), Clay Dominy (Dominy), Chester Edwards (Edwards) and Al Weaver (Weaver), the
named plaintiffs and representatives of the class of plaintiffs (2) residing in Texas on May 20, 1999, who seek to void truck
leases as illegal because they violate federal and state statutes relating to the withholding taxes, fraud, conversion, money
had and received, unjust enrichment, and breach of contract, appeal from a summary judgment granted on traditional and
no-evidence motions for summary judgment in favor of appellees, Dynasty Transportation, Inc. (Dynasty), Ace
Transportation, Inc. (Ace), David McWhorter Total Transportation Services, Inc. (McWhorter), James H. Glasgow
(Glasgow) and Bill Busbice, Jr. (Busbice), the defendants in the trial court. Appellants do not challenge the summary
judgment in favor of McWhorter. Appellees' counterclaim was non-suited. We affirm. 

Standard of Review

 The standard for reviewing a summary judgment under the Texas Rule of Civil Procedure 166a(c) is whether the
successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that
judgment should be granted as a matter of law. KPMG Peat Marwick v. HCH, 988 S.W.2d 746, 748 (Tex. 1999). 

 In considering a "no evidence" summary judgment under Texas Rule of Civil Procedure 166a(i), we review the proof in
the light most favorable to the non-movants and disregard all contrary proof and inferences. Blan v. Ali, 7 S.W.3d 741, 747
(Tex. App.-Houston [14th Dist.] 1999, no pet.). We sustain a "no evidence" summary judgment if: (a) there is a complete
absence of proof of a vital fact; (b) the court is barred by rules of law or evidence from giving weight to the only proof
offered to prove a vital fact; (c) the proof offered to prove a vital fact is no more than a mere scintilla; or (d) the proof
conclusively establishes the opposite of the vital fact. Id. Although the non-moving party is not required to marshal its
proof, it must present evidence that raises a genuine fact issue on the challenged elements. Risner v. McDonald Corp., 18
S.W.3d 903, 907 (Tex. App.-Beaumont 2000, pet. denied). Because a no-evidence summary judgment is essentially a
pre-trial directed verdict, we apply the same standard in reviewing a no-evidence summary judgment as we apply in
reviewing a directed verdict. Id. 

Factual Background 

 The appellants as lessors leased their trucks to appellees and lessees Dynasty and Ace, and elected to operate the trucks as
truck driver employees of the lessees. Under the leases: (1) as truck driver employees the appellants agreed to receive 20 -
25% of the earned revenue derived from the leased trucks, minus the employee's portion of applicable taxes; and (2) as
lease rentals, the appellants, as lessors of the trucks, agreed to receive 70% of the earned revenue from the leased trucks,
less driver's wages, a percentage of gross driver's wages for payroll taxes, unemployment compensation, fuel taxes, ad
valorem taxes, intangible property taxes, state and governmental agency taxes, utility taxes, other taxes and administrative
charges for the purpose of processing forms in connection therewith, said percentage to be set and established by lessee, but
usually the percentage was set at 23%. In Dominy's lease the percentage for such deductions was agreed to be 23%. 

Issues Presented 

 Appellants' issue number one states there was evidence presented that defendants deducted, from plaintiffs' wages,
employment taxes that were defendants' responsibility as employers, and that the "less taxes" deduction was not for
payment of taxes, but was merely part of the compensation formula for truck leases, and then asks whether summary
judgment was improper given this was a genuine issue of material fact regarding the very basis of plaintiffs' claim.

 Appellants' issue number two states there was evidence of the "less taxes" deductions, as described in issue number one, in
excess of the amount of defendants' actual tax liability and asks the question: Does an agreement whereby an employer
forces an employee to pay his own employment taxes violate state and federal statutes, as well as public policy?

 These issues do not point out any dispute that the truck leases contained the "less taxes" provisions, that the questioned
deductions were made, and the appellees admitted their responsibility to withhold and pay the employment taxes. Instead,
appellants are claiming the truck leases were illegal because of the "less taxes" provisions and appellees making the
deductions thereunder.

 Appellants' argue that appellees are responsible for withholding and remitting, FICA, FUTA and SUTA taxes, and
therefore the deductions appellees made from appellant's rental checks to defray its costs for those taxes is unlawful. 
Appellees claim they are entitled to treat appellants as owner-lessors for some purposes while treating them as employees
for others. The appellants as lessors of the trucks are paid for the use of their trucks on a different basis than when they are
paid as employee truck drivers. Appellees withheld and remitted appellants' FICA, FUTA and SUTA taxes which they
were required to do by statute and by agreement. 26 U.S.C. § 3111; 26 U.S.C. § 3301; Tex. Lab. Code Ann. §§ 204.002,
204.003 (Vernon 1996). These statutes prevent appellees from deducting their portion of these taxes from the individual's
(appellants') wages. However, the statutes do not prohibit employers from charging back and deducting from independent
contractors, suppliers, lessors, or other non-employee personnel, funds to defray the employer's taxes as well as other costs.
Hathcock v. Acme Truck, Inc., 262 F.3d 522, 525-26 (5th Cir. 2001). The lease provision in Hathcock is in effect the same
as in the instant case and provides that the lessee agrees to pay lessor 70% of the earned revenue derived from the truck less
driver's wages; payroll taxes (including FICA and other deductions); cost of medical or hospitalization insurance, if
applicable; and such other costs or payments made by lessee by reason of driver employment and less any operating costs
and expenses incurred by lessee in connection with the operation of the truck for which the lessor shall be responsible. Id. 
The question was answered in Hathcock by explaining that the owner-driver as lessor creates a dual capacity which enables
the lessee to treat the lessor as an owner-lessor for some purposes while treating him as an employee for others. Id. The
lessor in Hathcock took the same position as the appellants in this case, (3) and failed to recognize (or deliberately blurred)
the distinction between Hathcock, the owner-lessor, and Hathcock, the driver. Appellants agree that if the lease
compensation provision only included reimbursement for costs and not taxes it would be unobjectionable and would allow
appellees to deduct the costs. The purpose of the compensation formula is to determine the division between the lessor and
lessee of the income from the use of the trucks. The parties could have agreed to any other percentages. The appellants
bargained for and received a 70% percent share subject to specified deductions for costs and taxes generally estimated at
23%. The actual amount of costs were slightly higher by several percentage points. The amount attributable to taxes was
not the actual amount of taxes paid for the truck drivers. Appellants claim they as employees were forced to pay their own
employment taxes, but they did not allege or prove force as an element to their causes of action. It was a matter of
contracting for the best division of the earned income they could bargain in arms length negotiations. 
 Appellants further argue that section 207.071 of the Texas Labor Code invalidates any agreement by an employer to pay all
or a portion of a contribution or reimbursement required to be paid by the employer and since the individual lessor is the
same person as the individual truck driver the illusory distinction between "wages" and "rent" and between "lessor" and
"employee" defeats the purpose of the statute and rewards the appellees for concocting an imaginative scheme to make
legal that which is clearly illegal. See Tex. Lab. Code Ann. §207.071 (Vernon 1996). We disagree. Appellant argues there
is no precedent which would prevent this Court from reversing the trial court's summary judgment but do not explain why
Hathcock cannot be used as precedent in this case to affirm the trial court's summary judgment. Appellants state that while
Hathcock appears on the surface to apply to the facts of this case it may be distinguished from the instant case in several
respects. First, they argue the Fifth Circuit addressed only the general case law regarding the ability to treat individuals as
employees for certain purposes and as lessors for other purposes, but do contend it is wrong or explain why it would not be
applicable to this case. The law addressed by the court in Hathcock is equally applicable in this case. Secondly, they
contend the Fifth Circuit was addressing an irrelevant issue to determine whether Hathcock was an employee or an
independent contractor. It is true the court addressed the independent contractor/employee issue in Hathcock but concluded
Hathcock was an employee when he drove the truck regardless of his contemporaneous ownership of the truck and his
independent contractor role as its lessor. In the instant case it is undisputed the truck drivers were employees of appellees. 
Id. at 524. No explanation is made as to why this distinguishing factor is material. Third, the Fifth Circuit did not
specifically address section 207.071 of the Texas Labor Code, which they claim is the most crucial section of the law
because there is no explanation of how an agreement by an individual, as appellants are, to reimburse his employer, as
appellees are, for employment taxes paid can be valid in face of this specific provision. The court did not address all of the
Texas and Louisiana statutes which require employers to withhold and remit unemployment tax but referred to them as
SUTA, the Texas and Louisiana counterparts to Federal Unemployment Tax Act (FUTA) taxes. The result of the case
would have been the same had section 207.071 been specifically cited and discussed because the court's reasoning answers
appellants' question. Section 207.071 only applies to employers' agreements with employees regarding contributions or
reimbursements required to be paid by the employer, and under the reasoning of Hathcock the withholding statutes do not
forbid appellees' practice of charging the employee costs back to its lessors. Id. at 527. The deductions for the 23% to
recoup its employee related costs are made by appellees from the rental check (payment) to the lessor; appellees do not
deduct these contributions from the paychecks to the employee drivers. Id. The statutes only bar deduction of the
employer's portion of the taxes from the "wages" of an individual in the employer's employ. Id. Employers are not
prohibited from charging back and deducting from independent contractors, suppliers, lessors, or other non-employee
personnel, funds to defray the employer's costs in connection with those taxes. Id. Of course, if you accept the appellants'
premise that there is no dual capacity of owner-lessor and employee-driver, then their argument would make sense, but if
you accept the reasoning of the Hathcock case, as we do, the appellants' attempts to distinguish Hathcock cannot succeed
because of the conflict over this basic premise. The other authorities cited by appellants do not conflict with the Hathcock
case, or are not in point. We do not agree with the proposed distinctions. 

 Further, Andrews v. CNA Reinsurance Co., 166 F.Supp.2d 516, 523 (N.D. Tex. 2001), cited by appellees held that the
party urging the proposition cited no authority suggesting there is a private cause of action under the SUTA, FUTA and
FICA statutes. The appellants have not cited any authority in this case suggesting such a private cause of action. Even if
appellants cited authority that the contracts are illegal and void as they claim, we could not grant the relief they seek. The
universal rule, which has been consistently followed in Texas, is that the court will not aid either party to an illegal
agreement, whether executory or executed, but will leave the parties were it finds them. Patrizi v. McAnnich, 153 Tex.
389, 269 S.W.2d 343 (1954); Cox Feedlots, Inc. v. Hope, 498 S.W.2d 436, 438 (Tex. Civ. App-San Antonio 1973, writ
ref'd n.r.e.). The courts will not enforce illegal agreements, and all parties to an illegal agreement are barred from any
recovery based on that agreement. Cooper v. Fortney, 703 S.W.2d 217, 222 (Tex. App.-Houston [14th Dist.] 1985, writ
ref'd n.r.e.). 

 Appellants claim in their sub-issues I.B.1., I.B.2., I.B.3., I.B.4., and I.B.5. that they produced sufficient or more than a
scintilla of evidence to defeat appellees' motion for summary judgment allegations that there was no-evidence to support
the appellants' alleged causes of action for fraud, conversion, money had and received, unjust enrichment and breach of
contract, respectively.

 Regarding the fraud cause of action referred to in sub-issue I.B.1., even if appellants' allegations that the appellees'
representations that the deductions in question were legal and typical in the trucking industry were not true, they would not
support an action for fraud. As a general rule, a misrepresentation as to a matter of law is to be regarded as merely an
expression of opinion and will not support an action for fraud and deceit. Safety Casualty Co. v. McGee, 133 Tex. 233,
236, 127 S.W.2d 176, 177 (1939); Pelton v. Witcher, 319 S.W.2d 400 (Tex. Civ. App.-Fort Worth 1958, writ ref'd n.r.e.). 
Also, in any event, appellees' representations in such regard were not misrepresentations. Sub-issue number I.B.1 is
overruled. 

 In order for appellants to recover on any of the remaining causes of actions referred to in sub-issue I.B.2. through I.B.5.,
the truck leases and compensation formula must first be proven illegal. As we have discussed above, the appellants have
failed to establish the illegality of the truck leases and formula. Sub-issues I.B.2., I.B.3., I.B.4., and I.B.5 are overruled.

 The judgment of the trial court is affirmed. 

 

 

MAURICE AMIDEI

Assigned Justice



Opinion delivered and filed

this 22nd day of May, 2003.

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. A class certification was granted by the trial court in this case on May 20, 1999, as follows: 



 All persons residing within Texas who are presently or have been engaged as owners/operators of a truck or trucks,
between August 28, 1993 and the present date, for Defendants Dynasty Transportation, Inc., Ace Transportation, Inc., or
Total Transportation Services, Inc. ("Defendants"), who received compensation of any kind or character from Defendants
for services performed as an owner-operator, pursuant to a lease or other contractual agreement, and for which such
payments reflect deductions for state or federal taxes, or deductions for "less taxes". 

3. Appellants not only fail to recognize the "dual capacity" concept in Hathcock but claim appellees "superficially
segregate" the two functions which are "inextricably intertwined", and that the dual capacity argument is illusory and a
fictitious separation.